2010RO0777
LSH/dc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br>v.<br><br>MATTHEW KLUGER<br><br>*Defendant.* | Honorable Katharine S. Hayden<br><br>Criminal No.<br><br>CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE |

**WHEREAS**, on or about December 14, 2011, the United States is scheduled to file a four-count Information against Matthew Kluger (the "Defendant"), charging him with conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371; securities fraud, in violation of 15 U.S.C. § 78j(b) and 78ff(a), and 17 C.F.R. § 240.10b-5; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(2) and (2); and

**WHEREAS**, on or about December 14, 2011, the Defendant is scheduled to plead guilty to the four-count Information; and

**WHEREAS**, pursuant to 18 U.S.C. § 982(a)(1), a person convicted of an offense in violation of 18 U.S.C. § 1956(h) shall forfeit to the United States any and all property, real or personal, that was involved in the offense or is traceable to such property; and

**WHEREAS**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, a person convicted of an offense in violation of 15 U.S.C. §§ 78j(b) and 78ff(a), and 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 371 shall forfeit to the United States any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses; and

**WHEREAS**, by virtue of the above, the United States is now entitled to any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, and all property, real or personal, that was involved in the offense or is traceable to such property, including approximately $415,000.00 in United States currency (the "Property"); and

**WHEREAS** the Defendant acknowledges that the Property was involved in an offense in violation of 18 U.S.C. § 1956(h) that includes proceeds obtained as a result of his offenses or is derived from proceeds traceable to the commission of his securities fraud and conspiracy to commit securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a), and 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 371 as set forth in the Information, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461;

**WHEREAS** the Defendant has agreed to forfeit the Property, waives all interests in and claims to the Property, and hereby consents to the forfeiture of the Property to the United States; and

**WHEREAS** the Defendant:

(1) consents to the forfeiture of approximately $415,000.00 in United States currency to the United States;

(2) agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property;

(3) waives the requirements of Federal Rules of Criminal Procedure 32.2 and

43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment;

(4) understands that forfeiture of the Property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(5) will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so;

(6) waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property described above;

(7) waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment;

(8) agrees to cooperate in resolving third-party claims in favor of the United States; and

**WHEREAS**, the United States has not, as of this date, identified specific assets that constitutes or is derived from proceeds traceable to the commission of the offenses, and all property, real or personal, that was involved in the offenses or is traceable to such property, nor has the United States yet identified any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p); and

**WHEREAS**, Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

and for good and sufficient cause shown;

It is hereby **ORDERED, ADJUDGED, AND DECREED**:

**THAT** the Property, namely approximately $415,000.00 in United States currency, representing the amount of proceeds traceable to the commission of the offenses, and any and all property, real or personal, that was involved in the offenses or is traceable to such property is hereby forfeited to the United States of America pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), for disposition in accordance with the provisions of 21 U.S.C. § 853 as incorporated through 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c);

**THAT** a money judgment in the amount of $415,000.00 in United States currency shall be entered against the Defendant; and

**THAT** the Court shall order forfeiture of any other property of the Defendant up to the value of $415,000.00 in United States currency, if the Property or any portion thereof, as a result of any act or omission of Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

**THAT** the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

**THAT** pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to the Defendant at the time of sentencing, or before sentencing if the Defendant consents, and shall be made part of the sentence and included in the judgment; and

   **THAT** the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include substitute property having a value not to exceed $415,000.00 to satisfy the money judgment in whole or in part.

   **ORDERED** this \_\_14th\_\_ day of \_\_December\_\_, 2011.

                _____
                Honorable Katharine S. Hayden
                United States District Judge

The Undersigned hereby consent to the
entry and form of this order:

PAUL J. FISHMAN
United States Attorney

_____  Dated: 12/13/11
By: MATTHEW E. BECK
JUDITH H. GERMANO
Assistant U.S. Attorneys

_____  Dated: 12-14-11
ALAN L. ZEGAS, ESQ.
Counsel for Defendant

_____  Dated: 12-14-11
MATTHEW KLUGER
Defendant